The opinion of the Court was delivered by
Richardson, J.
A recognizance is an obligation of record. It is in most respects like other bonds. The chief difference being, that a bond is the creation of a fresh debt; but the recognizance is an acknowledgment of a former debt of record. It acknowledges a sum due by certain and express agreement, which is the precise character of the contract, for which debt is the proper remedy. F. N. B. 119.
But as it is unnecessary, the Court gives no opinion upon that point. In the case before us, the general issue was pleaded, which simply put in *4261 *ssue existeace obligation declared upon, as this Court -* has before decided, in the case of the Commissioners of the Poor v. Hannion, 1 Nott & M’Cord, 554, which was also upon an obligation, very irregularly drawn, to support a bastard.
The same answer may be made to a second ground of objection ; but upon this I will remark, that the obligation, though not taken precisely according to the statute, would probably be valid at common law, under any form of pleading.[1] Of this, too, we have an imposing authority, in an early decision, in the case of the Commissioners of the Treasury v. The Securities of W. Davis, a sheriff,[2] whose bond differed in the amount required by the statute, but was holden to be binding at common law, though expressly put in issue. Any other conclusion would encourage minute but designed differences from the precise requisitions of an Act.
MBuffie, for the motion. Wlvitner, contra.
The third ground is, that the judge refused the defendants’ motion for leave to demur, in addition to the general issue; but no law or practice has been suggested which would authorize such double pleading. And, certainly, if any pleas are inconsistent, non est factum and a demurrer, the object of which would be to bring also the form of the action in issue, would be among those selected for inconsistency.
To conclude, then, the proceedings, if not strictly correct, were by no means void, and the motion in arrest, as well as for a new trial, cannot prevail, both being predicated upon the form of the action; and the affirmative of the issue being proven, no nonsuit could follow. The motions are, therefore, refused.
ColcocK, Nott, Gantt and Johnson, JJ., concurred,
Hugee, J., absent, from indisposition.

 See 3 Brev. 396; 1 Tread. 459 ; 3 Brev. 150; 1 Brev. 3; 2 Bail. 501, 376; 1 N. & McC. 332; Haile v. Miller, 11 Rich.

 Four preceding cases on this bond have been reported, viz.: 2 Brev. 51; Id. 228 ; 3 Brev. 550, or 1 Tread. 755 ; and 1 N. & McC. 214; but none of tkese seem to have involved a question as to tke amount of tke bond. See Carr v. Sheriff, 3 Brev. 150.